# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, <br><br> Plaintiff, <br><br> vs. <br><br> BEATRICE STATE DEVELOPMENTAL CENTER, et al., <br><br> Defendants. | 8:21CV116 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff, a state prisoner, filed his Complaint (Filing 1) on March 17, 2021, and subsequently was granted leave to proceed in forma pauperis. The court conducted an initial review of Plaintiff's Complaint and, in a Memorandum and Order entered on May 24, 2021 (Filing 12), determined it fails to state a claim upon which relief may be granted. However, the court on its own motion gave Plaintiff leave to amend.

Plaintiff's Amended Complaint (Filing 13) was filed on June 1, 2021. It will now be reviewed under 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether summary dismissal is appropriate.

## I. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF AMENDED COMPLAINT

Plaintiff claims that on February 21, 2020, while he was a resident at the Beatrice State Developmental Center ("BSDC"),[1] he was physically attacked by staff members and then falsely charged with the crime of strangulation, a felony.

Plaintiff's original Complaint was brought against BSDC and forty-three individuals who presumptively were sued in their official capacities, but Plaintiff's

---

[1] BSDC is a residential institution operated by the State of Nebraska for individuals with developmental disabilities. *OMNI Behav. Health v. State ex rel. Peterson*, 956 N.W.2d 300, 302 (Neb. 2021).

Amended Complaint is more limited. The current defendants include eight BSDC staff members and two law enforcement officers, all of whom are sued only in their individual capacities. The BSDC staff members are identified as: Ashley Lefty; Scott Green; Jennifer; Crystal Brown; Alex; Amber; Timothy Parks; and Scott Green. The other two defendants are Officer Oliver of the Beatrice Police Department and Nebraska State Trooper Howard.

Plaintiff alleges Ashley Lefty, Scott Green, and Jennifer grabbed him from a room and pulled him into a hallway, where Crystal Brown punched him in the face multiple times with her closed fist. Alex allegedly "slammed" Plaintiff and placed him in a chokehold for a minute, after which time Plaintiff was "picked up by all staff listed." Plaintiff alleges Jennifer and Amber then laughed at him, and Alex used a racial slur. Plaintiff alleges he responded by punching Alex in the stomach. Alex allegedly placed Plaintiff in another chokehold and, with the assistance of Timothy Parks, Scott Green, and three unidentified male staff members, flipped Plaintiff upside down onto a sofa and choked him for six minutes. Plaintiff alleges he was then met by Beatrice police officers, who were laughing at him along with BSDC staff. Officer Oliver handcuffed Plaintiff and transported him to the county jail, where he was "booked for false strangulation charges." Plaintiff complains he was charged with a felony eight days later, but no BSDC staff were charged with crimes by Officer Oliver or Trooper Howard.

For relief, Plaintiff requests $1 million in damages, a federal investigation, and dismissal of the charges pending against him in state court.

III. DISCUSSION

Liberally construing the allegations of Plaintiff's Amended Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Supreme Court has recognized that persons who are confined in state institutions have a right to personal security which is protected by the Due Process Clause of the Fourteenth Amendment. *See Youngberg v. Romeo*, 457 U.S. 307, 307 (1982). Plaintiff may also be asserting a claim under the Equal Protection Clause. Plaintiff's claims of being falsely arrested, detained, and prosecuted arise under the Fourth and Fourteenth Amendments.

The court takes judicial notice that Trooper Howard prepared an affidavit concerning Plaintiff's arrest, which was filed in the County Court of Gage County, Nebraska, in Case No. CR-20-154, and which resulted in a probable cause finding being made on February 22, 2020. The county attorney's office filed a complaint on March 9, 2020, charging Plaintiff with committing felony strangulation and third-degree assault against Ashley Leafty[2] on February 21, 2020, and with committing third degree assault against another BSDC staff member, Luke Vater, on that same date. On June 4, 2020, Plaintiff was bound over to the district court for trial. *See State v. Lightfeather*, District Court of Gage County, Nebraska, Case No. 20-69. These state-court criminal charges against Plaintiff are still pending.[3]

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)). Ongoing state criminal proceedings implicate the important state interest of enforcing state

---

[2] This appears to be the correct spelling of this defendant's name.

[3] The court may take judicial notice of judicial opinions and public records and include them in its consideration of a case. *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005). Nebraska's judicial records may be retrieved online through the JUSTICE website, https://www.nebraska.gov/justice.

criminal law, and constitutional claims relating to that proceeding should be raised there initially. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. D. Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010).

"In *Younger*, a state criminal defendant … attempted to escape the state system and reframe the issues on his own terms in federal court, converting what would ordinarily be a defense to criminal prosecution into an affirmative claim for relief." *Ringswald v. Cty. of DuPage*, 196 F.R.D. 509, 513 n. 2 (N.D. Ill. 2000). That essentially is what Plaintiff is attempting in this case. Because Plaintiff is involved in ongoing state criminal proceedings where he necessarily will be allowed to challenge the validity of the charges against him, and because he has not presented facts which would require this court to intervene, *Younger* abstention is appropriate. *See, e.g., Baker v. Brockmeyer*, No. 5:21-CV-05013, 2021 WL 1976077, at *3-5 (W.D. Ark. Apr. 27, 2021) (*Younger* abstention applied to Fourth Amendment claims for excessive force and lack of probable cause for arrest, and to Fourteenth Amendment equal protection claim concerning arrest), *report and recommendation adopted in part, rejected in part*, 2021 WL 1968283 (W.D. Ark. May 17, 2021) (holding *Younger* abstention also applied to invasion of privacy claims that were intertwined with the constitutionality of plaintiff's arrest, and with his pending criminal case); *Hayes v. Harrison*, No. 4:19-CV-04094, 2019 WL 5698664, at *2-3 (W.D. Ark. Nov. 4, 2019) (constitutional false imprisonment claim stayed).

When only equitable relief is sought, *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). In cases where damages are sought, traditional abstention principles generally require a stay as the appropriate mode of abstention rather than a dismissal. *Night Clubs, Inc.*, 163 F. 3d at 481 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 720 (1996)). Here, Plaintiff is seeking to recover damages.

## IV. CONCLUSION

The court need not decide at this time whether Plaintiff's Amended Complaint states a plausible § 1983 claim against any defendant. The criminal charges pending

against Plaintiff in state court are so closely connected to Plaintiff's claims in this case that *Younger* abstention is appropriate. Because Plaintiff is seeking damages in addition to equitable relief, this action will be stayed rather than dismissed.

IT IS THEREFORE ORDERED:

1. This action is hereby stayed, and administratively terminated, pending final disposition of the criminal charges against Plaintiff in Gage County District Court Case No. 20-69, including any appeals and post-conviction remedies in state court.

2. Plaintiff shall have thirty (30) days after final disposition of those criminal charges to file a motion to reopen this case. Failure to file the motion within such time may result in the summary dismissal of this case.[4]

3. Plaintiff shall keep the court informed of his current address at all times during the pendency of this action. Failure to do so may result in dismissal without further notice.

4. The Clerk of the Court is directed to close this case for statistical purposes.

Dated this 14th day of July 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

---

[4] Plaintiff, if he so desires, may also file a motion to dismiss this case at any time. *See* Fed. R. Civ. P. 41(a).