IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>BEATRICT STATE<br>DEVELOPMENTAL CENTER, et al.<br><br>Defendants. | **8:21CV116**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff's Notice of Appeal (filing 16) and Motion for Leave to Proceed in Forma Pauperis ("IFP") on Appeal (filing 17). The court has received a certified copy of Plaintiff's trust account statement. (Filing 7, Case No. 8:21CV211.)[1] Plaintiff is permitted to proceed IFP.

The Prison Litigation Reform Act ("PLRA") requires prisoner plaintiffs to pay the full amount of the court's $505.00 appellate filing fee by making monthly payments to the court, even if the prisoner is proceeding in forma pauperis. 28 U.S.C. § 1915(b). The PLRA "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 952 (D. Neb. 2001) (citing *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). The appellate filing fee is assessed when

---

[1] Plaintiff is presently confined at the Lincoln Regional Center ("LRC"). Examination of Plaintiff's IFP motion, (filing 17 at CM/ECF p. 4), and state court records, available to this court online, reveal that Plaintiff was placed at the LRC for restoration of competency as part of his pending criminal proceeding in the Lancaster County Court. Plaintiff is, thus, properly considered a prisoner for PLRA purposes. 28 U.S.C. § 1915(h). The court takes judicial notice of the state court records in *State v. Lightfeather*, Case No. CR20-6149, County Court of Lancaster County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

the district court receives the prisoner's notice of appeal. *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. Plaintiff's account balance is $0.00, and the court cannot assess an initial partial filing fee. However, as set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil . . . judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. *See Jackson*, 173 F. Supp. 2d at 957 n. 9. Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). This matter will therefore proceed without payment of the initial partial filing fee as set forth below.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis on Appeal (filing 17) is granted. The filing fee shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $505.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

2. The clerk of the court shall serve a copy of this order on the appropriate financial officer for Plaintiff's current institution.

Dated this 26th day of July, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

3