IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, | **8:21CV116** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| BEATRICE STATE DEVELOPMENTAL CENTER, et al., | |
| Defendants. | |

In a Memorandum and Order entered on July 14, 2021, on initial review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the court stayed this action pending final disposition of criminal charges filed against Plaintiff in state court. On July 23, 2021, Plaintiff filed a "Motion in Appeal," which was docketed as a "Notice of Appeal" (Filing 16), together with a "Motion to File [Appeal] For [IFP] Leave of In Forma Pauperis," which was docketed as a "Motion for Leave to Appeal in forma pauperis" (Filing 17).

The court granted the IFP motion, and the Notice of Appeal was then processed. (See Filing 18, 19.)

On August 3, 2021, the United States Court of Appeals for the Eighth Circuit entered judgment remanding the case for further consideration of the "Motion in Appeal" (Filing 16). The Court of Appeals' judgment states:

> The district court referred a "motion in appeal" as a notice of appeal from the district court's July 14, 2021, order staying his civil rights action pending completion of state court proceedings. This "motion in appeal" is returned to the district court for consideration as a new case or an amended complaint and the appeal in this court is terminated.

(Filing 23.)

The caption on the first page of Filing 16 includes the following designation and title:

Motion in Appeal [8:21cv116]

Plaintiff:   Austin Edward Lightfeather vs. American Civil Liberties Union: Defendant (Individual & Official Compacity)

Plaintiff [Appellant] Austin Edward Lightfeather vs. Beatrice State Developmental Center, et al., Defendant [Appellee] (Individual) Compacity: [American Civil Liberties Union]

(Filing 16, at 1 (spelling and punctuation, including parentheses and brackets, as in original).)

The case number, 8:21cv116, appears six times on page 1, and on nearly every page thereafter. Because it is clear that Plaintiff did not intend to open a new case, Filing 16 will be treated as an amended pleading[1] and, as such, it will be considered as supplemental to, rather than as superseding, Plaintiff's Amended Complaint. *See* NECivR 15.1(b) (authorizing such consideration for pro se litigants' amended pleadings "unless the pleading states that it supersedes the prior pleading.").

Reviewing Filing 16, it appears Plaintiff is complaining, first of all, that the American Civil Liberties Union (ACLU) discontinued its representation of Plaintiff in a § 1983 action that he initiated against the Nebraska Department of Correctional Services (NDCS) in 2015, and has refused to provide representation in any of the numerous lawsuits Plaintiff has filed since then.[2] He bases his claims on the Sixth,

---

[1] The court's preferred course of action would be to treat Filing 16 as a motion for leave to amend under Rule 15(a)(2), but the Court of Appeals' directive on remand does not include this option.

[2] In the "Motion to File [Appeal] For [IFP] Leave of In Forma Pauperis," Plaintiff describes ACLU as "an added [defendant] in my appeal to the eighth circuit courts" and states he is "Filing a body of a complain within the [Appeal] of [8:21cv116] with relief of: of $6 million dollars with relief of my appeal for $1 million dollars to [combine] both cases in [one matter] for relief of [$7 million dollars], for the [ACLU] Defendant to be added into the body for [Appeal review] of this document to the [one body] with [BSCD et al] …" (Filing 17, at 2-3 (spelling,

2

Eighth, and Fourteenth Amendments, and seeks $6 million in damages. (Filing 16, at 1-8, 18-21.) Second, Plaintiff complains that staff members at the Lincoln Regional Center (LRC) wear watches that have recording capabilities. (Filing 16, at 9-10.) Finally, Plaintiff complains that he has not been allowed to bring a copy of a book he published into LRC, thereby denying his First Amendment right to freedom of expression. (Filing 16, at 12-17.)

In the "Motion to File [Appeal] For [IFP] Leave of In Forma Pauperis," Plaintiff describes ACLU as "an added [defendant] in my appeal to the eighth circuit courts" and states he is "Filing a body of a complain within the [Appeal] of [8:21cv116] with relief: of $6 million dollars with relief of my appeal for $1 million dollars to [combine] both cases in [one matter] for relief of [$7 million dollars], for the [ACLU] Defendant to be added into the body for [Appeal review] of this document to the [one body] with [BSCD et al] …" (Filing 17, at 2-3 (spelling, capitalization, and punctuation as in original).)

ACLU and LRC were not previously named as Defendants in Plaintiff's original Complaint (Filing 1) or Amended Complaint (Filing 13), and the claims made against these entities bear no relationship to the claims alleged against Beatrice State Developmental Center (BSDC) and other Defendants in this case. Plaintiff states he plans to file a motion to reopen this case after final disposition of the pending criminal charges (Filing 16, at 18), so it appears he does not intend to abandon the claims alleged against BSDC and other Defendants. This is confirmed by statements made in the IFP motion.

Under federal pleading practice, "persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to

_____

capitalization, and punctuation as in original).) Plaintiff prays "For this case to be [overturned] from [stayed], For [relief] of [Forward Advance] to move forward to a [trial] & a [summons] phase to support the need for a [six jury] trial in [Federal court]." (Filing 17, at 4-5 (capitalization and punctuation as in original).)

all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Neither of these conditions are satisfied here.

Where, as in this case, there is a misjoinder of parties, "on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

If the court were to sever the claims alleged in Filing 16, it would need to open two new cases. Because against claims made against ACLU are not transactionally related to the claims made against LRC and do not involve common questions of law or fact, there would still be a misjoinder of parties if the claims were combined in a single action.[3]

Plaintiff, as a prisoner, would be responsible for payment of the $350.00 filing fee in each case, even if proceeding in forma pauperis. *See In re Tyler,* 110 F.3d 528, 529-30 (8th Cir.1997) ("The PLRA [Prison Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

Severance of claims might also prove detrimental to Plaintiff under the PLRA's "three strikes" provision if, for example, the court were to determine on initial review that the new cases should be dismissed because Plaintiff's allegations failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [authorizing in forma pauperis proceedings] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."),

---

[3] By contrast, the two claims alleged against LRC can be combined in a single action because "[a] party asserting a claim … may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18.

4

For Plaintiff's benefit, the court will instead "drop" ACLU and LRC as parties under Rule 21 and strike Filing 16 because none of the allegations made in that pleading are material to claims alleged against BSDC and other Defendants in the Amended Complaint. *See* Fed. R. Civ. P. 15(f)(1) ("The court may strike from a pleading … any … immaterial … matter. The court may act … on its own[.]"). Plaintiff will then be free to file new cases against ACLU and LRC on his own, should he so choose.

IT IS THEREFORE ORDERED that:

1. Pursuant to Rules 21 and 15(f)(1) of the Federal Rules of Civil Procedure, neither the American Civil Liberties Union nor the Lincoln Regional Center shall be a party defendant to this action, and Filing 16 is hereby stricken from the court file.

2. The stay order entered on July 14, 2021 (Filing 15), shall remain in effect, and this case shall remain closed for statistical purposes.

Dated this 11th day of August 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge