IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>BEATRICT STATE DEVELOPMENTAL CENTER, et al.<br><br>Defendants. | 8:21CV116<br><br>**MEMORANDUM AND ORDER** |

On July 14, 2021, the Court, in a Memorandum and Order (hereinafter "Stay Order") entered by now-retired Senior United States District Judge Richard G. Kopf, stayed and administratively closed this case pending final disposition of the criminal charges against Plaintiff Austin Edward Lightfeather in Gage County District Court Case No. CR20-69 (hereinafter "CR20-69"). Filing No. 15. The Court determined that the criminal charges pending against Plaintiff in CR20-69 were so closely connected to Plaintiff's claims in this case that *Younger*[1] abstention was appropriate. *Id.* at 5–6. On February 26, 2024, Plaintiff filed what the Court construes as a Motion to Reopen this case, Filing No. 33, and the matter was reassigned to the undersigned. For the reasons that follow, Plaintiff's Motion is granted, and the Court will conduct a review of Plaintiff's Amended Complaint, Filing No. 13, pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**I. MOTION TO REOPEN**

In his Motion to Reopen, Plaintiff acknowledges that Judge Kopf stayed this case pending the results in Plaintiff's state criminal case, CR20-69, and he represents that the three felony assault charges in CR20-69 were dismissed on March 23, 2023. Filing No.

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

33 at 1. Plaintiff, thus, requests "an answer and proper review to which [sic] results in a final decision" on his claims for compensation against the employees of the Beatrice State Developmental Center ("BSDC") named as defendants in this civil case. *Id*. at 5.

In the Stay Order, the Court ordered that "Plaintiff shall have thirty (30) days after final disposition of [the CR20-69] criminal charges to file a motion to reopen this case. Failure to file the motion within such time may result in the summary dismissal of this case." Filing No. 15 at 6. Plaintiff filed his Motion to Reopen on February 26, 2024, approximately eleven months after he alleges CR20-69 was dismissed. However, it appears Plaintiff misunderstood that it was his obligation to seek reopening of this case as he states in his Motion to Reopen that "[t]his case was stayed pending 30 day review and the Federal Courts have not responded within March 23rd, 2023, to April 23rd, 2023." Filing No. 33 at 4 (punctuation corrected). Given Plaintiff's pro se status and apparent misunderstanding of the Stay Order, the Court declines to summarily dismiss this matter based on Plaintiff's delayed filing of his Motion to Reopen.

Upon careful consideration, the Court concludes that Plaintiff's Motion should be granted and this matter reopened. Plaintiff represents that the charges against him in CR20-69 were dismissed pursuant to a plea agreement in which the prosecutor agreed to "drop all felony charges in CR20-69" in exchange for Plaintiff accepting responsibility in a separate Gage County Court misdemeanor case "CR20-115"[2] for his conduct at the

---

[2] This case number is incorrect as Plaintiff's state court records, available to this Court online, show that Plaintiff pleaded guilty on March 23, 2023, in Gage County Court Case No. CR20-155 to two misdemeanor charges stemming from Plaintiff's actions while in custody at the Gage County Detention Center on March 3, 2020. The Court takes judicial notice of the state court records in *State v. Austin E. Lightfeather*, Case No. CR20-155, County Court of Gage County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

2

jail after he was arrested for the events at issue in CR20-69. *Id*. at 6. A search of Nebraska state court records appears to confirm as much as no publicly available search results are returned for CR20-69 and the records of Nebraska criminal cases ending in dismissal are sealed under state law. *See* Neb. Rev. Stat. § 29-3523(3)(c) ("[I]n the case of an arrest, citation in lieu of arrest, or referral for prosecution without citation, all criminal history record information relating to the case shall be removed from the public record as follows: . . . (c) When charges are filed, but the case is dismissed by the court (i) on motion of the prosecuting attorney, . . . the criminal history record information shall not be part of the public record immediately . . . after the entry of an order dismissing the case.").

Because Plaintiff's criminal charges in CR20-69 have been finally disposed of, the Court concludes Plaintiff's Motion to Reopen should be granted. As Plaintiff has previously been granted leave to proceed in forma pauperis, the Court must now conduct an initial review of Plaintiff's Amended Complaint to determine "whether Plaintiff's Amended Complaint states a plausible § 1983 claim against any defendant." Filing No. 15 at 5.

## II. SUMMARY OF AMENDED COMPLAINT

For ease of reference, the Court sets out the summary of Plaintiff's Amended Complaint from the Stay Order in full here:

Plaintiff claims that on February 21, 2020, while he was a resident at the Beatrice State Developmental Center ("BSDC"),[3] he was physically

---

[3] BSDC is a residential institution operated by the State of Nebraska for individuals with developmental disabilities. *OMNI Behav. Health v. State ex rel. Peterson*, 956 N.W.2d 300, 302 (Neb. 2021).

3

attacked by staff members and then falsely charged with the crime of strangulation, a felony.

Plaintiff's original Complaint was brought against BSDC and forty-three individuals who presumptively were sued in their official capacities, but Plaintiff's Amended Complaint is more limited. The current defendants include [seven] BSDC staff members and two law enforcement officers, all of whom are sued only in their individual capacities. The BSDC staff members are identified as: Ashley Lefty; . . . Jennifer; Crystal Brown; Alex; Amber; Timothy Parks; and Scott Green.[4] The other two defendants are Officer Oliver of the Beatrice Police Department and Nebraska State Trooper Howard.

Plaintiff alleges Ashley Lefty, Scott Green, and Jennifer grabbed him from a room and pulled him into a hallway, where Crystal Brown punched him in the face multiple times with her closed fist. Alex allegedly "slammed" Plaintiff and placed him in a chokehold for a minute, after which time Plaintiff was "picked up by all staff listed." Plaintiff alleges Jennifer and Amber then laughed at him, and Alex used a racial slur. Plaintiff alleges he responded by punching Alex in the stomach. Alex allegedly placed Plaintiff in another chokehold and, with the assistance of Timothy Parks, Scott Green, and three unidentified male staff members, flipped Plaintiff upside down onto a sofa and choked him for six minutes. Plaintiff alleges he was then met by Beatrice police officers, who were laughing at him along with BSDC staff.

---

[4] Only seven BSDC staff members are listed as Defendants in the Amended Complaint as the Stay Order mistakenly listed Defendant Scott Green twice.

4

> Officer Oliver handcuffed Plaintiff and transported him to the county jail, where he was "booked for false strangulation charges." Plaintiff complains he was charged with a felony eight days later, but no BSDC staff were charged with crimes by Officer Oliver or Trooper Howard.
>
> For relief, Plaintiff requests $1 million in damages, a federal investigation, and dismissal of the charges pending against him in state court.

Filing No. 15 at 2–3 (first footnote number altered from original; second footnote added).

### III.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

5

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

## IV.  DISCUSSION OF PLAINTIFF'S CLAIMS

Liberally construed, Plaintiff here alleges federal constitutional claims under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, Plaintiff's due process claims for damages against the BSDC employees named in the Amended Complaint will be allowed to proceed and all other claims will be dismissed.

**A.  Requested Relief**

As an initial matter, the Court cannot grant Plaintiff's requested relief of a federal investigation by the "Federal Courts" and a "Federal Marshel" of his "state file from B.S.D.C. to review February 19 thru February 21 of 2020" and for dismissal of his then-pending criminal charges. See Filing No. 13 at 3–4 (spelling as in original). "Plaintiff has no constitutional right or any other basis to compel an investigation." Thomas v. Mattingly, No. 8:21CV272, 2021 WL 4504698, at *2 (D. Neb. Oct. 1, 2021) (citing cases); see also

6

*Lightfeather v. Beatrice State Developmental Ctr.*, No. 8:21CV116, 2021 WL 2077663, at *2 n. 1 (D. Neb. May 24, 2021) ("The prospective relief [plaintiff] requests (i.e., a federal investigation into conditions at BSDC and permanent closure of the facility) is not a viable remedy."). Moreover, relief from state criminal charges, if it may be granted at all, must be pursued through a writ of habeas corpus and not through a section 1983 action. In any case, Plaintiff's request for dismissal of his criminal charges is moot as the charges against him in CR20-69 were dismissed in March 2023. Accordingly, the Court construes Plaintiff's claims as seeking damages only.

## B. Claims Against BSDC Employees

Plaintiff sues BSDC employees Ashley Lefty, Jennifer, Crystal Brown, Alex, Amber, Timothy Parks, and Scott Green (collectively "BSDC Defendants") in their individual capacities for the violence these individuals allegedly perpetrated against Plaintiff and Alex's use of a racial slur against Plaintiff. Liberally construed, Plaintiff's allegations raise claims under the Fourteenth Amendment's Due Process and Equal Protection Clauses. However, Plaintiff's equal protection claim premised on Alex's use of a racial slur fails to state a plausible claim for relief as "an allegation that a government official used slurs, standing alone, does not violate the Fourteenth Amendment's guarantee of equal protection." *Willet v. State*, No. C 15-4237-MWB, 2015 WL 8347105, at *5 n.9 (N.D. Iowa Dec. 8, 2015) (citing *Williams v. Kaufman County*, 352 F.3d 994, 1013 & n.61 (5th Cir. 2003)). While Plaintiff's equal protection claim must be dismissed, Plaintiff has alleged sufficient facts to proceed on his due process claim.

The Supreme Court has recognized that persons who are confined in state institutions have a right to personal security which is protected by the Due Process Clause

7

of the Fourteenth Amendment. See *Youngberg v. Romeo*, 457 U.S. 307, 315–16 (1982). Here, Plaintiff alleges the BSDC Defendants all participated in the violent acts committed against Plaintiff: Ashley Lefty, Scott Green, and Jennifer grabbed Plaintiff from a room and pulled him into a hallway; Crystal Brown punched Plaintiff in the face; Alex "slammed" Plaintiff and placed him in a chokehold, after which all BSDC Defendants "picked up" Plaintiff; Alex then placed Plaintiff in another chokehold after Plaintiff punched Alex in the stomach for calling Plaintiff a racial slur and was assisted by Timothy Parks, Scott Green, and Crystal Brown. Plaintiff does not allege any conduct on his part that precipitated the BSDC Defendants' violence against him and claims that the strangulation charges brought against him were false as he "was the one strangled." Filing No. 13 at 3. Taking Plaintiff's allegations as true, the Court finds Plaintiff has stated a due process claim upon which relief may be granted.

**C. Claims Against Officer Oliver and Trooper Howard**

Liberally construed, Plaintiff alleges Officer Oliver and Trooper Howard arrested and detained him in violation of the Fourth and Fourteenth Amendments. The Fourth Amendment, applicable to the States through the Fourteenth Amendment, provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . particularly describing the place to be searched, and the persons or things to be seized." The general rule is that "'Fourth Amendment seizures are "reasonable" only if based on probable cause' to believe that the individual has committed a crime." *Bailey v. United States*, 568 U.S. 186, 192 (2013) (quoting *Dunaway v. New York*, 442 U.S. 200, 213 (1979)). In addition, "[t]he Fourth Amendment prohibits government officials from

detaining a person in the absence of probable cause." *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017).

Here, the Amended Complaint merely contains Plaintiff's bare, conclusory assertion that he was arrested and booked eight days after his arrest for "false" strangulation charges. However, the Amended Complaint contains no factual allegations from which the Court can infer that Officer Oliver and Trooper Howard arrested Plaintiff without probable cause or, even, what facts were known to the officers at the time they arrested Plaintiff. See *Anderson v. Franklin County*, 192 F.3d 1125, 1132 (8th Cir. 1999) (false arrest claim under § 1983 does not lie where officer had probable cause to make arrest). Plaintiff admits that he punched BSDC employee Alex, which, if such information was conveyed to the officers, implies a possible basis for the officers' reasonable belief that Plaintiff had committed an offense. See *Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 816 (8th Cir. 2010) ("An officer has probable cause to make a warrantless arrest when the facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." (internal quotation marks and citation omitted)). However, the Amended Complaint's lack of factual allegations regarding the circumstances surrounding Plaintiff's arrest prevents the Court from drawing any sort of inference about the presence or absence of probable cause. Thus, Plaintiff has failed to allege sufficient facts to "nudge" his claims of unlawful arrest against the individual officers across the line from conceivable to plausible.

With respect to Plaintiff's unlawful detention claim, the Court previously took judicial notice that:

> Trooper Howard prepared an affidavit concerning Plaintiff's arrest, which was filed in the County Court of Gage County, Nebraska, in Case No. CR-

>  20-154, and which resulted in a probable cause finding being made on February 22, 2020. The county attorney's office filed a complaint on March 9, 2020, charging Plaintiff with committing felony strangulation and third-degree assault against Ashley Leafty on February 21, 2020, and with committing third degree assault against another BSDC staff member, Luke Vater, on that same date. On June 4, 2020, Plaintiff was bound over to the district court for trial. *See State v. Lightfeather*, District Court of Gage County, Nebraska, Case No. [CR]20-69.

Filing No. 15 at 4 (footnote omitted). Thus, contrary to Plaintiff's claim that he was "not charged for any crime for the first 8 days after the arrest," Filing No. 13 at 3, the state court records previously noticed by this Court show that a probable cause finding in support of Plaintiff's detention was made one day after Plaintiff's arrest based on the affidavit prepared by Trooper Howard. Moreover, Plaintiff does not allege that either Officer Oliver or Trooper Howard falsified or failed to report any relevant information or knew or should have known that any of the information they received from the BSDC Defendants was false in seeking Plaintiff's continued detention. Accordingly, the Court finds Plaintiff has failed to allege plausible facts showing his arrest and detention were not based on probable cause, and his Fourth Amendment claims against Officer Oliver and Trooper Howard will be dismissed.

## V.  CONCLUSION

Upon reopening of this case and review of the Amended Complaint, the Court will dismiss Plaintiff's equal protection claim against BSDC Defendant Alex and his Fourth Amendment claims against Officer Oliver and Trooper Howard for failure to state a claim upon which relief may be granted. Plaintiff's claim against the BSDC Defendants in their individual capacities for damages under the Due Process Clause of the Fourteenth Amendment states a cognizable claim for relief and will be allowed to proceed to service of process. However, the Court cautions Plaintiff that this is only a preliminary

determination based on the allegations found within the Amended Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

As a litigant proceeding in forma pauperis in this case, Plaintiff is entitled to have service of process performed by the United States Marshals. However, the United States Marshal's Service cannot initiate service upon a defendant who cannot be properly identified based on the information provided. Therefore, the Court will give Plaintiff 30 days in which to take reasonable steps to provide additional identifying information for Defendants "Jennifer," "Alex," and "Amber" (e.g. Defendants' last names) and notify the Court of that information, after which the Court will initiate service of process. If Plaintiff is unable to provide additional information, then he must inform the Court of such. Failure to take any action will result in this matter proceeding to service of process against those Defendants for whom sufficient identifying information exists.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Reopen, Filing No. 33, is granted. The stay entered on July 14, 2021, is lifted, and the Clerk of the Court is directed to administratively reopen this case.

2. The following claims and Defendants will be dismissed or proceed further as follows:

    a. Plaintiff's requests for a federal investigation and dismissal of his criminal charges are dismissed.

    b. Plaintiff's equal protection claim is dismissed without leave to amend for failure to state a claim upon which relief may be granted.

      c.      Plaintiff's claims against Officer Oliver and Trooper Howard are dismissed without leave to amend for failure to state a claim upon which relief may be granted.

      d.      For purposes of initial review, Plaintiff has stated a plausible Fourteenth Amendment Due Process claim against BSDC Defendants Ashley Lefty, Jennifer, Crystal Brown, Alex, Amber, Timothy Parks, and Scott Green.  This claim may proceed to service of process.

2.      Plaintiff will have 30 days from the date of this Memorandum and Order to take reasonable steps to provide additional identifying information for Defendants "Jennifer," "Alex," and "Amber," such as Defendants' last names, and notify the Court of that information, after which the Court will initiate service of process.  If Plaintiff is unable to provide additional information, then he must inform the Court of such.  Failure to take any action will result in this matter proceeding to service of process against those Defendants for whom sufficient identifying information exists.

3.      The Clerk of the Court is directed to update the caption to reflect that the following parties are the only proper defendants: Ashley Leafty,[5] Jennifer, Crystal Brown, Alex, Amber, Timothy Parks, and Scott Green.

4.      The Clerk of Court is directed to set a pro se case management deadline using the following text: **October 4, 2024**: check for Plaintiff's response regarding Defendants' identifying information.

---

[5] As noted in the Stay Order, *see* Filing No. 15 at 4 n.2, this appears to be the correct spelling of this Defendant's name, and this is the spelling the Court will use going forward.

12

Dated this 4th day of September, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge