IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, <br><br> Plaintiff, <br><br> vs. <br><br> SCOTT GREEN, Supervisor; ASHLEY LEAFTY, Supervisor; CRYSTAL BROWN, Facility Staff; JENNIFER, TIMOTHY PARKS, ALEX, and AMBER, <br><br> Defendants. | **8:21CV116** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on what the Court construes as various motions filed by Plaintiff, including a motion to provide documents to Plaintiff's mother, Filing No. 36, a motion for extension, Filing No. 37, a motion for status, Filing No. 41, and a motion for relief, Filing No. 44. Also before the Court is a response (the "Response"), Filing No. 38, to the Court's September 4, 2024, Memorandum and Order (hereinafter "Initial Review Order"), *see* Filing No. 35, filed on Plaintiff's behalf by his mother. With this Memorandum and Order, Plaintiff's motion for status is granted and Plaintiff is advised of the status of this case. As explained below, Plaintiff's motion to provide documents and motion for relief are denied without prejudice, his motion for extension is granted, and his claims will proceed to service of process against the defendants named in the Amended Complaint, Filing No. 13, including the defendants whose full names are provided in the Response.

## I. MOTION TO PROVIDE DOCUMENTS

On September 12, 2024, Plaintiff filed what appears to be a letter addressed to his mother, which seeks her assistance in obtaining the last

names of the 3 defendants identified by first name only in the Amended Complaint as directed by the Court in the Initial Review Order. Filing No. 36. Plaintiff also appears to include a request that his mother have access to his documents in this case for her personal file and to add to Plaintiff's book so she can publish it for him. Filing No. 36 at 10.

Construing Plaintiff's letter as a motion asking the Court to provide Plaintiff's mother copies of his filings in this case, Plaintiff's motion is denied without prejudice. While Plaintiff is proceeding in forma pauperis in this case, the statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. 28 U.S.C. § 1915; *see also* *Haymes v. Smith,* 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973)). If Plaintiff or his mother requires copies of his court filings, he or she should contact this Court's clerk's office to determine the proper method for requesting and paying for copies. *See* NEGenR 1.2(d) ("Before providing a service, the clerk requires prepayment of all collectible fees prescribed by statute or the Judicial Conference of the United States."); *see also* 28 U.S.C. § 1914 & Judicial Conference Schedule of Fees (fee "[f]or reproducing any record and providing a copy in paper form, $.50 per page").

## II. MOTION FOR RELIEF

In a letter dated June 7, 2025, Plaintiff refers to this case along with four other cases he filed in this Court and generally complains that he has not been granted any relief in his cases. Filing No. 44. As relevant to this case, Plaintiff asks that his claims in this case be granted and he be awarded his requested relief. Filing No. 44 at 4–5. This case, however, is still in its early stages, and

the Court has only determined that the case may proceed to service of process against the defendants. The Court has not made any determination as to the overall merits of Plaintiff's claims or potential defenses thereto. Accordingly, Plaintiff's letter, construed as a motion for relief, is denied without prejudice as premature.

### III. MOTION FOR EXTENSION AND RESPONSE

In the Court's Initial Review Order, the Court determined that Plaintiff's Fourteenth Amendment due process claims would proceed against the defendants, but the Court gave Plaintiff 30 days to take reasonable steps to provide additional identifying information for the defendants "Jennifer," "Alex," and "Amber" (e.g., their last names) and notify the Court of that information, after which the Court would initiate service of process. Filing No. 35 at 11. On September 20, 2024, Plaintiff moved for an extension of his deadline to provide the defendants' identifying information to November 4, 2024. Filing No. 37. On October 31, 2024, the Response was filed, identifying the full names of the three defendants. Upon consideration, Plaintiff's motion for extension is granted and the Response filed on October 31, 2024, is timely.

As Plaintiff has provided sufficient identifying information for the defendants "Jennifer," "Alex," and "Amber," this matter will proceed to service of process on Plaintiff's Fourteenth Amendment Due Process claim in accordance with the Court's Initial Review Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for status, Filing No. 41, is granted consistent with this Memorandum and Order.

2. Plaintiff's motion to provide documents, Filing No. 36, and motion for relief, Filing No. 44, are denied without prejudice.

3

3. Plaintiff's motion for extension, Filing No. 37, is granted, and Plaintiff's Response, Filing No. 38, is deemed timely filed.

4. The Clerk of the Court is directed to update the caption to reflect the full names of defendants "Jennifer," "Alex," and "Amber," as "Jennifer Soto," "Alex Vater," and "Amber Naukam" and to reflect that all defendants are sued in their individual capacities only.

5. This matter will proceed to service of process on Plaintiff's Fourteenth Amendment due process claim against defendants Ashley Leafty, Jennifer Soto, Crystal Brown, Alex Vater, Amber Naukam, Timothy Parks, and Scott Green in their individual capacities based on the February 21, 2020, events described in the Amended Complaint, Filing No. 13, and in accordance with the Court's September 4, 2024, Initial Review Order, Filing No. 35.

6. For service of process on defendants Ashley Leafty, Jennifer Soto, Crystal Brown, Alex Vater, Amber Naukam, Timothy Parks, and Scott Green in their individual capacities, the Clerk of the Court is directed to complete two sets of summons and USM-285 forms for each defendant. The service address for the first set of forms is:

> Office of the Nebraska Attorney General
> 2115 State Capitol
> Lincoln, NE 68509.

The service addresses for the second set of forms is:

> Beatrice State Developmental Center
> 3000 Lincoln Blvd.
> Beatrice, NE 68310.

7. The Clerk of the Court shall forward the summons forms and USM-285 forms together with sufficient copies of the Amended Complaint, Filing No. 13, the Court's September 4, 2024, Memorandum and Order, Filing

No. 35, and this Memorandum and Order to the United States Marshals Service.

8. The Marshals Service shall serve defendants Ashley Leafty, Jennifer Soto, Crystal Brown, Alex Vater, Amber Naukam, Timothy Parks, and Scott Green in their individual capacities by "leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General." Neb. Rev. Stat. § 25-510.02(1) (prescribed method for serving the State of Nebraska or any state agency); *see also* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").

9. The Marshals Service shall also serve defendants Ashley Leafty, Jennifer Soto, Crystal Brown, Alex Vater, Amber Naukam, Timothy Parks, and Scott Green in their individual capacities by certified mail or other authorized method of service at the Beatrice State Developmental Center. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

10. For service by certified mail or designated delivery service, the Marshals Service shall serve Defendants within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

11. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[1]

12. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

13. Plaintiff is hereby notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

14. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: **November 17, 2025**: service of process to be completed.

15. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 19th day of August, 2025.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Senior United States District Judge

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson,* 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g., Beyer v. Pulaski County Jail,* 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski,* 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).